## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MARQUIS AKINS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No.:** |
| v. | ) | |
| | ) | |
| **CELLA, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT WITH
## DEMAND FOR JURY TRIAL

Now comes the Plaintiff, MARQUIS AKINS (hereinafter "Plaintiff" or "Akins"), and files his Complaint against the Defendant, CELLA, INC., (hereinafter "Defendant" or "Cella") and says:

## <u>NATURE OF THE CLAIMS</u>

1.     This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter the "ADA").

2.     This is an action to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and relation against Plaintiff because of his disability.

1

**JURISDICTION AND VENUE**

3.　This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding Plaintiff's rights under the ADA.

4.　Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the vents or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

**PARTIES**

5.　Plaintiff, Akins, is a citizen of the United States, and is and was at all times material, a resident of the State of Georgia.

6.　Defendant, Cella, Inc., is a Foreign Profit Corporation with its headquarters located in Maryland but conducts business in this District.

7.　Defendant does business and Plaintiff worked for Defendant at 3343 Peachtree Rd Suite 201, Atlanta, Georgia, 30326.

8.　Defendant provides workforce and staffing solutions for primarily creative and marketing positions.

9.　Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

10.    Plaintiff has complied with all statutory prerequisites to filing this action.

11.    On March 25, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

12.    Plaintiff's EEOC charge was filed within one hundred and eighty days after the alleged unlawful employment practices occurred.

13.    On November 19, 2020 the EEOC issued to Plaintiff a Notice of Right to Sue, upon request.

14.    This complaint was filed within ninety days of the issuance of the EEOC's Right to Sue letter.

## FACTUAL ALLEGATIONS

15.    At all times material, Plaintiff worked for Defendant at 3343 Peachtree Road, Suite 201, Atlanta, Georgia 30326.

16.    Plaintiff began his employment with Defendant in October 2019 and worked as a Recruiter.

17.    Plaintiff was a full-time employee who regularly worked at least forty (40) hours per week.

18.    Plaintiff satisfactorily performed the duties and requirements of his job position.

19.    Plaintiff is a disabled male.

20.    Plaintiff's disability impacts his major life activities such as performing manual tasks, sleeping, and breathing.

21.    At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

22.    On or about January 23, 2020, Plaintiff informed Jessie Willis, Human Resources, of his disability.

23.    In response, Ms. Willis stated that she would provide Plaintiff paperwork for his doctor to complete to "prove" to Defendant that Plaintiff was in fact disabled and the frequency with which Plaintiff would need to attend doctor's appointments.

24.    At the end of the conversation, Ms. Willis instructed Plaintiff to inform Rachel Barre, Branch Manager, of his disability.

25.    Plaintiff called Ms. Barre and informed her of his disability.

26.    The following day, Ms. Barre asked Plaintiff to take a walk with her to discuss his disability.

27.    Ms. Barre began to ask discriminatory and insensitive questions, including "there is no way you can give it to us, right?" "it is contagious?" and "no one in the office is at risk, right?"

28.    A few days later, Ms. Willis contacted Plaintiff and inquired when his paperwork would be completed by his doctor.

29.    Plaintiff informed Ms. Willis that he had a doctor's appointment scheduled for February 14, 2020, but that he could try and schedule an earlier appointment if Defendant deemed it necessary.

30.    Ms. Willis informed Plaintiff that the February 14, 2020 appointment date was fine.

31.    Defendant then began to reassign Plaintiff's work requisitions and duties to non-disabled employees.

32.    Just days later, Defendant terminated Plaintiff's employment under pretext.

33.    Plaintiff has been damaged by Defendant's illegal conduct.

34.    Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Disability Discrimination in Violation of the ADA

35.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

36.    At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

37.    Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

38.    Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

39.    Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on Plaintiff's disability.

40.    Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's disability.

41.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

42.    Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious

disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II: Retaliation in Violation of the ADA

43.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

44.     Plaintiff engaged in protected activity under the ADA on more than one occasion while employed by Defendant.

45.     Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

46.     Defendant's conduct violated the ADA.

47.     Defendant intentionally retaliated against Plaintiff for engaging in protected activity under the ADA.

48.     Defendant's conduct violates the ADA.

49.     Plaintiff has satisfied all statutory prerequisites for filing this action.

50.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

51.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

52.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)     Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b)     Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert witness fees); and

c)     Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.


Respectfully Submitted:

**_/s/ Gary Martoccio_**
Gary Martoccio
Georgia Bar Number: 497511
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33609
T: (800) 965-1570

F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*

CERTIFICATION: The above-signed counsel hereby certifies that this document was prepared in Times New Roman 14-point font and a 1.5 inch top margin in accordance with LR 5.1B, N.D.Ga.